IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kimjaro Presley, | ) | C/A No.: 1:13-3441-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| William R. Byars, Jr., et al.; Michael Matthews, Director of Classification, SCDC; Larry Cartledge, Warden, Perry Correctional Institution; Florence Mauney, Associate Warden of Security, Perry Correctional Institution; Scott Lewis, Associate Warden of Security, McCormick Correctional Institution; Curtis Early, Major of Security, Perry Correctional Institution; First Name Unknown, Ms. Ogunsile, Classification and Inmate Records Program Director, Perry Correctional Institution; D. Filmore, Institutional Classification Committee, Perry Correctional Institution; L. Buttrey, Institutional Classification Committee, Perry Correctional Institution; J. Jimenez, Institutional Classification Committee, Perry Correctional Institution, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

Plaintiff Kimjaro Presley, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights while incarcerated in security detention at McCormick Correctional Institution ("MCI") and Perry Correctional Institution ("PCI") in the custody of the South Carolina Department of Corrections ("SCDC"). He names the following SCDC employees as

defendants: former SCDC Director William R. Byars, Jr.; SCDC Director of Classification; PCI Warden Larry Cartledge; PCI Associate Warden of Security Florence Mauney; MCI Associate Warden of Security Scott Lewis; PCI Major of Security Curtis Early; Ms. Ogunsile, Classification and Inmate Records Program Director at PCI; PCI Institutional Classification Committee Member D. Filmore; PCI Institutional Classification Committee Member L. Buttrey; and PCI Institutional Classification Committee Member J. Jimenez (collectively "Defendants"). [Entry #1 at 2–3].

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges he was placed in the Special Management Unit ("SMU") of MCI on January 5, 2012, for purportedly striking an employee. [Entry #1 at 4]. Plaintiff was found guilty of that infraction on January 25, 2012, and sanctioned to sixty days of disciplinary detention. *Id.* According to his complaint, in April 2012, after completion of his disciplinary detention, Plaintiff received notice that the Institutional Classification Committee ("ICC") had classified him as a security risk, justifying his continued placement in security detention. *Id.* at 4–5. Plaintiff alleges he was transferred to PCI on April 5, 2012, but he remained housed in security detention. *Id.* at 5. Plaintiff lists several additional ICC reviews that were all conducted outside of his presence. Plaintiff claims

Defendants' refusal to allow him to attend the ICC reviews and failure to "investigate whether changed circumstances may have warranted releasing Plaintiff" from secure detention violate his right to due process. *Id.* at 6.

Plaintiff further complains that he has not been allowed outside recreation, in violation of the Eighth Amendment, and that a ban on "magazines, newspapers, radios and internet materials in the SMU" violates his right to free speech under the First Amendment. *Id.* at 7–8. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 10.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

    1.    First and Eighth Amendment claims

Plaintiff alleges that he has been denied outside recreation in violation of the Eighth Amendment. [Entry #1 at 7]. Plaintiff further alleges that a ban on media materials for SMU inmates violates his right to free speech under the First Amendment. *Id.* at 8. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). In the instant action, Plaintiff provides no facts to demonstrate that any of the Defendants has personally deprived Plaintiff of exercise or media materials.

4

Further, Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555, 570. The complaint in this case provides insufficient factual support for Plaintiff's conclusory allegations regarding his inability to exercise and receive media materials. Therefore, such claims are subject to summary dismissal.

2. Custody classification claims

Plaintiff alleges that Defendants have classified him as a security threat, requiring his placement in secure detention. [Entry #1 at 6]. Plaintiff further asserts that Defendants refuse to allow him to attend the ICC hearings or submit any evidence "to assist in their determination of Plaintiff's [security] status." *Id.* A prisoner has no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Cases previously decided in this district make it clear that South Carolina law confers no protected liberty interest upon state inmates regarding prison classification. *See Keeler v. Pea*, 782 F. Supp. 42, 43–44, (D.S.C. 1992)

5

(citing *Meachum v. Fano*, 427 U.S. 215 (1976)); *see also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978). Therefore, Plaintiff's due process claims associated with his custody classification are subject to summary dismissal.

        3.     Negligence claims

Plaintiff asserts that Defendants have failed to properly "investigate whether changed circumstances may have warranted releasing Plaintiff from [security detention] confinement." However, the law is well-settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct). Thus, to the extent Plaintiff alleges Defendants have acted negligently, such claims are subject to summary dismissal because they do not allege that a constitutional right has been violated.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

    IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

January 10, 2014                        Shiva V. Hodges
Columbia, South Carolina           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).